**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **RICCY RAMOS HERNANDEZ** | **CASE NO. 6:26-CV-1830 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DEPT OF HOMELAND SECURITY, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by Riccy Ramos Hernandez ("Petitioner'), pursuant to 28 U.S.C. § 2241. Petitioner is an immigration detainee at the Pine Prairie Correctional Center in Pine Prairie, Louisiana. Petitioner challenges his detention and seeks his immediate release.

Petitioner is a native and citizen of Cuba. Petitioner entered the United States on or about February 2, 1995. Petitioner was ordered removed from the United States on September 9, 2013. On May 1, 2026, Petitioner was taken into immigration custody (Doc. 1).

For the reasons stated below, Petitioner's application for habeas relief seeking his release from detention should be dismissed without prejudice as premature.

## LAW AND ANALYSIS

In Zadvydas v. Davis, 533 U.S. 678, 701 (2001), the Supreme Court held that if an alien is detained for six months after a final order of removal and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Petitioner's claim is premature because when he filed this proceeding, he had not been detained for more than six months. Although Petitioner was ordered removed from the United States on September 9, 2013, he has only been detained since May 1, 2026. Petitioner filed this proceeding on June 1, 2026, less than six months after he was detained on May 1, 2026. The court notes that six months after May 1, 2026, is November 1, 2026. See Chance v. Napolitano, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when the petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period" authorized by Zadvydas).

Accordingly, Petitioner's application for habeas relief should be denied as premature. Petitioner may refile his habeas petition should his detention become unconstitutional.

Accordingly, **IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED** as premature.

**OBJECTIONS**

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 13th day of July 2026.

Mark L. Hornsby
U.S. Magistrate Judge